UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

LOGAN ALTERS, MARTA REYES,
LAWRENCE WOOD, STEPHEN CLYNE
and THE PITCHING LAB d/b/a
TBT TRAINING
on behalf of themselves, and all those
similarly situated,

Plaintiffs,

v.

PEOPLE'S REPUBLIC OF CHINA;
NATIONAL HEALTH COMMISSION
OF THE PEOPLE'S
REPUBLIC OF CHINA;
MINISTRY OF EMERGENCY MANAGEMENT
OF THE PEOPLE'S REPUBLIC OF CHINA;
MINISTRY OF CIVIL AFFAIRS OF THE
PEOPLE'S REPUBLIC OF CHINA;
THE PEOPLE'S GOVERNMENT OF HUBEI
PROVINCE; and THE PEOPLE'S GOVERNMENT
OF CITY OF WUHAN, CHINA.

Defendant.

_____/

CASE NO. _____
CLASS ACTION
JURY TRIAL DEMANDED

## CLASS ACTION COMPLAINT

Plaintiffs, LOGAN ALTERS, MARTA REYES, LAWRENCE WOOD, STEPHEN CLYNE, and THE PITCHING LAB LLC d/b/a TBT TRAINING (collectively, "Named Plaintiffs"), on behalf of themselves and all those similarly situated, and by and through their undersigned counsel, hereby sue the PEOPLE'S REPUBLIC OF CHINA ("the PRC"); NATIONAL HEALTH COMMISSION OF THE PEOPLE'S REPUBLIC OF CHINA; MINISTRY OF EMERGENCY MANAGEMENT OF THE PEOPLE'S REPUBLIC OF CHINA; MINISTRY OF CIVIL AFFAIRS OF THE PEOPLE'S REPUBLIC OF CHINA;

CASE NO._____

THE PEOPLE'S GOVERNMENT OF HUBEI PROVINCE; and THE PEOPLE'S GOVERNMENT OF CITY OF WUHAN, CHINA (collectively "Defendants"), for damages, and further allege as follows:

## INTRODUCTION

1. This is class action brought by the Named Plaintiffs, individuals and business owners in the United States and State of Florida, for damages suffered as a result of the Coronavirus pandemic, against Defendants, the People's Republic of China and its various government entities overseeing the response to the Coronavirus pandemic in China generally and within Hubei Province and the City of Wuhan.

2. The world has been devastated in recent days by the ongoing march of the new strain of the Coronavirus, more commonly known as COVID-19. The virus began in Wuhan, Hubei Province, China in December 2019, and has quickly spread throughout Asia, Europe and, North America.

3. The PRC and the other Defendants knew that COVID-19 was dangerous and capable of causing a pandemic, yet slowly acted, proverbially put their head in the sand, and/or covered it up for their own economic self-interest.

4. The conduct of Defendants has caused injury and incalculable harm to Named Plaintiffs and Class Members, and such injury and harm will only multiply in coming days and weeks. The Defendants' conduct has caused and will continue to cause personal injuries and deaths, as well as other damages.

CASE NO._____

## PARTIES

5.  Logan Alters, is a resident of Miami-Dade County, Florida who has been injured and damaged by Defendants' conduct, as described herein, and is otherwise *sui juris*.

6.  Marta Reyes, is a resident of Miami-Dade County, Florida who has been injured and damaged by Defendants' conduct, as described herein, and is otherwise *sui juris.*

7.  Lawrence Wood, is a resident of Palm Beach County, Florida who has been injured and damaged by Defendants' conduct, as described herein, and is otherwise *sui juris.*

8.  Stephen Clyne, is a resident of Palm Beach County, Florida who has been injured and damaged by Defendants' conduct, as described herein, and is otherwise *sui juris.*

9.  The Pitching Lab LLC d/b/a TBT Training ("TBT Training"), is a Florida limited liability company that has been injured and damaged by Defendants' conduct.

10. Class Members are those individuals and entities similarly situated to Named Plaintiffs, and will number in the millions.

11. The People's Republic of China ("the PRC") is a foreign state.

12. The National Health Commission of the People's Republic of China is the administrative government body/executive department under the PRC which is responsible for formulating health policies in Mainland China.

13. Ministry of Emergency Management of the People's Republic of China is the administrative government body that coordinates emergency management within the PRC.

14. Ministry of Civil Affairs of the People's Republic of China is the administrative government body responsible for social and administrative affairs.

15. The People's Government of Hubei Province ("Hubei Province") is a foreign province and administrative head of Hubei Province in the PRC.

16. The People's Government of City of Wuhan, China ("Wuhan") is a foreign city and administrative head of the City of Wuhan, China

## JURISDICTION AND VENUE

17. This Court has subject matter jurisdiction over this class action pursuant to the Class Action Fairness Act of 2005 (CAFA) and 28 U.S.C. § 1332(d). The matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000, there exists minimal diversity between parties, and there are millions of putative class members.

18. This Court further has jurisdiction under the Foreign Sovereign Immunities Act (FSIA) of 1976, 28 U.S.C. §§ 1602 *et seq.*, and particularly the exceptions of § 1605(a)(2) (for acts outside the territory of the United States in connection with a commercial activity of the Defendants, that cause a direct effect in the United States), and § 1605(a)(5) (for money damages for personal injury or death, or damage to or loss of property, occurring in the United States and caused by the tortious acts or omissions of Defendants, or of any official or employee of Defendants while acting within the scope of his office or employment).

19. There is no "discretionary acts" exception to jurisdiction under the FSIA, as Defendants have acted clearly contrary to the precepts of humanity, and/or their conduct is prohibited by the internal laws of the PRC and its provincial and municipal governments.

20. This Court has personal jurisdiction over Defendants because Defendants have caused tortious harm to Named Plaintiffs and Class Members, in the United States and Florida and this District and have sufficient contacts in Florida and this District to render the exercise of jurisdiction by this Court permissible.

21. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) and (c) because a substantial part of the events or omissions giving rise to Named Plaintiff's and Class Members' claims occurred in this District.

22. All conditions precedent to the filing of this lawsuit have been met and/or waived by the conduct of Defendants.

## GENERAL ALLEGATIONS

*The Outbreak of COVID-19*

23. As of March 12, 2020, there are over 140,000 confirmed worldwide cases, nearly 5,000 deaths, and an exponentially larger number of undiagnosed cases. These numbers are expected to continue to explode in the coming days and months.

24. As of March 12, 2020, there are over 1635 confirmed cases and there have been 40 deaths. These numbers are expected to rise exponentially in the coming days and weeks.

CASE NO._____

25. The exponential rise in cases, even reaching people like Tom Hanks and his wife Rita Wilson, and a professional basketball player Donovan Mitchell of the Utah Jazz, as of March 11th, demonstrates that COVID-19 spreads easily and rapidly.

26. The virus causes cold and flu like symptoms, that lead to pneumonia and severe respiratory distress that can be fatal.

27. The World Health Organization declared the COVID-19 outbreak a pandemic in recent days.

28. The news from countries like Italy has demonstrated how easily and fully COVID-19 has and will bring countries to a halt, causing not only injuries and deaths, but devastating economic impacts.

***The Effects of the COVID-19 Outbreak and China's Role***

29. Because of the rising threats, the United States has barred plane travel from China, the European Union and other countries. The New York Stock Exchange has suffered its worst losses since the 2008 "great recession." Public functions and events are being cancelled one after another, including the shuttering of sporting events, Broadway shows, and other gatherings. Hotels have shuttered, several cruise lines have suspended operations for the next two months, and the travel industry overall is being gutted by cancellations. Businesses are suffering because of both disruptions to their supply chains and a scarcity of patrons and customers. The public is in panic, wiping out stocks of toilet paper, hand sanitizers, face masks, and other items. And it will go on and on.

30. The PRC and other Defendants, acting from their own economic self-interest and looking to protect their place as a super-power, failed to report the outbreak

as quickly as they could have; underreported cases; and failed to contain the outbreak despite knowing the seriousness of the situation.

31. Among other acts and omissions, Defendants, or some of them:

   a. Censored eight doctors on January 1, 2020, from speaking about the outbreak and its dangers.

   b. Even after the first death on January 9th, they continued to downplay the dangers and assured the public that the situation was not serious and that everything was under control.

   c. It took 17 days from the time Chinese researchers discovered the COVID-19 genome sequence for Defendants to report the findings to their world-wide peers.

   d. They knew COVID-19 was spread human to human by January 3rd, but told the public otherwise, and would not confirm the ease of human to human transmission until January 20th, after the virus had already spread beyond China.

   e. China President Xi Jinping originally stated that he directed officials to contain the virus on January 7th, but it has since emerged that he did not do that, and that he actually waited until January 22nd to do direct containment, and still did not make any efforts public until it was too late.

   f. Despite early January deaths, they would only attribute the deaths to pneumonia, instead of the virus, and continued to downplay its dangers.

   g. Wuhan's leaders held a public dinner for over 40,000 families on January 18, despite knowing the ease of human to human spread of the virus.

CASE NO._____

32. Furthermore, there are only two known Chinese government bio-weapon research labs in the PRC and one of them — the National Biosafety Laboratory at the Wuhan Institute of Virology — is, at its name suggests, in Wuhan, and is close in proximity to the marketplace where COVID-19 allegedly originated. It is considered China's only "level 4" microbiology lab – meaning it deals with the deadliest of viruses. An alternative theory here is that COVID-19 escaped from the Wuhan lab because of lax controls, or that Chinese researchers sold lab animals to the marketplace in question, as researchers have been known to do in China, instead of cremating them as PRC law requires. In either case, such conduct, as an alternative theory, has caused the pandemic.

33. Defendants' conduct has set off a world-wide pandemic assault that is triggering community by community and causing widespread injuries and damages.

34. In short, Defendants' conduct has been egregious and clearly contrary to the precepts of humanity, and/or their conduct is prohibited by the internal laws of the PRC and its provincial and municipal governments, and never should have been allowed in the first place.

35. Because of Defendant's conduct, as described herein, Named Plaintiffs and Class Members have or are virtually certain to suffer physical illness or death, as well as emotional distress, and its physical manifestations, from the effects of the outbreak, and other damages.

36. Because of Defendant's conduct, as described herein, TBT Training and Class Members who own or operate businesses have or are virtually certain to suffer injury and damages from the effects of the outbreak.

CASE NO._____

37. This pandemic is likely to injure a substantial majority of all persons and entities within the United States and the State of Florida.

38. The personal injuries being sustained are universal and not linked to individualized factors.

39. Any condition precedent to the filing of this lawsuit has been satisfied, met, and/or waived.

## CLASS ACTION ALLEGTIONS

40. The Named Plaintiffs with claims against Defendants assert National and Florida Non-Commercial Tort Classes pursuant to Rules 23(a), (b)(1), (b)(2), (b)(3) and/or 23(c)(4) of the Federal Rules of Civil Procedure, on behalf of themselves and those similarly situated, against the Defendants for whom they have standing.  The Named Plaintiffs define the National Non-Commercial Tort Class as follows:

> All persons and legal entities in the United States who have suffered injury, damage, and loss related to the outbreak of the COVID-19 virus.

> And define the Florida Non-Commercial Tort Sub-Class as follows:

> All persons and legal entities in the State of Florida who have suffered injury, damage, and loss related to the outbreak of the COVID-19 virus.

41. Plaintiff TBT Training also asserts a National and Florida Commercial Classes, pursuant to Rules 23(a), (b)(1), (b)(2), (b)(3) and/or 23(c)(4) of the Federal Rules of Civil Procedure, on behalf of itself and those similarly situated, against the Defendants for whom they have standing.  TBT Training defines the National Commercial Class as follows:

> All persons and legal entities in the United States whose businesses have suffered injury, damage, and loss related to the outbreak of the COVID-19 virus.

CASE NO._____

And defines the Florida Commercial Sub-Class as follows:

All persons and legal entities in the State of Florida whose business have suffered injury, damage, and loss related to the outbreak of the COVID-19 virus.

42.  Excluded from the Classes are the following: (1) the Defendants, and any parent, subsidiary or affiliate organizations, and the officers, directors, agents, servants, or employees of same, and the members of the immediate family of any such person; (2) all persons and entities who timely opt out of this proceeding; (3) all persons who have given valid releases releasing Defendants from the claims asserted in this Complaint; (4) all persons who, prior to the filing of this Complaint, have filed a non-class action claim against the Defendants (or any of them) for the claims asserted in this Complaint; and (5) the judge(s) to whom this case is assigned, their employees and clerks, and immediate family members.

43.  The Classes are sufficiently numerous such that the joinder of all members of the Classes in a single action is impracticable.  The population of the United States is over 327,000,000 and the population of Florida is over 21,000, and a substantial majority of those persons and related entities have been or will in the immediate future be affected by Defendants' wrongful conduct.

44.  There are numerous common questions of law and fact that predominate over any questions affecting only individual members of the Classes and/or Subclasses. Among these common questions of law and fact are the following:

   a. Whether Defendants' conduct was negligent and/or reckless;

   b. Whether Defendant's conduct was clearly contrary to the precepts of humanity;

   c. Whether Defendants' conduct violated established laws within the PRC;

      d. Whether the PRC's bio-weapons labs are ultrahazardous activities, and caused the release of the virus;

45. The claims of the Named Plaintiffs are typical of the claims of each member of the Classes and Sub-Classes in that, among other issues:

      a. The Named Plaintiffs' claims arise from the same course of conduct of Defendants giving rise to the claims of other Class Members;

      b. The claims of the Named Plaintiffs and each member of the Class are based upon the same legal theories;

      c. The Named Plaintiffs and each member of the Classes have an interest in prevailing on the same legal claims;

      d. The types of damages incurred by the Named Plaintiffs are similar to those incurred by the other Class Members;

      e. The defenses asserted by Defendants will be very similar, if not identical, as to all Named Plaintiffs and Class Members.

46. Named Plaintiffs are adequate representatives of the Classes in which they participate because, together with their legal counsel, each will fairly and adequately protect the interests of Classes. Named Plaintiffs and all Class Members have a similar, if not identical interest in obtaining the relief sought. Proof of the claims of the Named Plaintiffs will also prove the claims of the Class. Named Plaintiffs are not subject to any unique defenses. Named Plaintiffs have no known conflict with the Class or Subclasses and are committed to the vigorous prosecution of this action.

47. The undersigned counsel are competent counsel experienced in class action litigation, mass torts, and complex litigation involving such widespread harm. Counsel will fairly and adequately protect the interests of the Classes

48. The various claims asserted in this action are certifiable under the provisions of Federal Rules of Civil Procedure 23(b)(1) because prosecuting separate actions by or against individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class Members that would establish incompatible standards of conduct for the party opposing the Classes; or adjudications with respect to individual Class Members that, as a practical matter, would be dispositive of the interests of the other Class Members who are not parties to the individual adjudications, or would substantially impair or impede their ability to protect their interests.

49. The claims for injunctive relief in this case are certifiable under Fed. R. Civ. P. 23(b)(2). Defendants have acted or refused to act on grounds that apply generally to the Classes, so that final injunctive relief and/or declaratory relief is appropriate respecting the Classes as a whole.

50. Plaintiffs' legal claims are properly certified pursuant to Rule 23(b)(3) in that: (1) a class action is superior in this case to other methods of dispute resolution; (2) the Class Members have an interest in class adjudication rather than individual adjudication because of their overlapping rights; (3) it is highly desirable to concentrate the resolution of these claims in this single forum because it would be difficult and highly unlikely that the affected Class Members would protect their rights on their own without this class action case; (4) the disparity between the resources of Defendants and Class Members would make prosecution of individual actions a financial hardship on Class Members; (5) the prosecution of separate actions by individual Class Members, or the individual joinder of all Class Members is impractical and would create a massive and

unnecessary burden on the Court's resources; and (6) Management of the class will be efficient and far superior to the management of individual lawsuits. Moreover, currently, the undersigned counsel is unaware of any other pending litigation regarding this controversy with respect to the claims asserted here.

51. The issues particularly common to the Class Members' claims, some of which are identified above, are alternatively certifiable pursuant to Fed. R. Civ. P. 23(c)(4), as resolution of these issues would materially advance the litigation, and class resolution of these issues is superior to repeated litigation of these issues in separate trials.

52. Named Plaintiffs have retained the above counsel to represent them in this lawsuit, and are obligated to pay said counsel reasonable attorneys' fees provided recovery is obtained.

## COUNT I – NEGLIGENCE
(Named Plaintiffs and each Class and Sub-Class; Against all Defendants)

53. Named Plaintiffs adopt, incorporate by reference, and restate the foregoing allegations in paragraphs 1 through 52, as if fully set forth herein, and further allege:

54. Defendants had a duty to persons in the United States, including Named Plaintiffs and the members of the classes, to not act negligently in their handling of the COVID-19 outbreak, such that COVID-19 did not spread as it did.

55. Defendants breached their duty to Plaintiffs and the members of the classes, by, among other breaches:

   a. Failure to admit their knowledge of the dangers of the virus, its lethalness, and the ease of human to human transmission;

CASE NO._____

    b. Failure to contain the virus in its early stages when they knew or should have known of its dangers and ease of transmission;

    c. Failure to contain the virus more quickly when the spread was apparent;

    d. Failure to restrict a public gathering of more than 40,000 Wuhan families when they knew or should have known of the dangers of the virus and ease of transmission;

    e. Failure of the governmental entities to adequately and reasonably supervise the outbreak and contain its effects;

    f. Failure to provide adequate and reasonable warning to Named Plaintiffs and members of the classes when they knew or should have known of the dangers described herein; and

    g. Dissemination of materials and statements that provided the wrong information to people within and outside China.

56. As a direct and proximate result of Defendants' breaches as described herein, Named Plaintiffs and the members of the classes have been injured and harmed, and have suffered damages and economic harms, and seek actual, special, and compensatory damages.

**COUNT II – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**
(Named Plaintiffs and each Class and Sub-Class; Against all Defendants)

57. Named Plaintiffs adopt, incorporate by reference, and restate the foregoing allegations in paragraphs 1 through 52, as if fully set forth herein, and further allege.

58. Due to the negligence described herein, Named Plaintiffs and the members of the classes have suffered discernable physical manifestations and injuries of trauma from the negligent conduct, including, but not limited, to physical pains, headaches, anxiety, and insomnia.

59. These physical injuries and manifestations have been directly caused by the by the psychological trauma suffered due to Defendant's egregious conduct and its effect on themselves and their loved ones.

60. Named Plaintiffs and the members of the classes have been in close proximity to the negligent conduct causing their injuries.

61. Named Plaintiffs and the members of the classes have a close personal relationship to the directly injured persons if it not themselves who have been directly injured.

62. As a direct and proximate result of Defendants' conduct as described herein, Named Plaintiffs and the members of the classes have been injured and harmed, and have suffered damages and economic harms, and seek actual, special, and compensatory damages.

**COUNT III – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
(Named Plaintiffs and each Class and Sub-Class; Against all Defendants)

63. Named Plaintiffs adopt, incorporate by reference, and restate the foregoing allegations in paragraphs 1 through 52, as if fully set forth herein, and further allege:

64. Alternatively to the negligence described herein, Defendants acted intentionally and/or recklessly out of their own economic self-interest, and knew or should have known that emotional distress would likely result from their conduct.

65. Defendants' conduct, as described herein, was outrageous, going beyond all bounds of decency, and is utterly intolerable in a civilized world.

CASE NO._____

66. Defendants' conduct has caused severe emotional distress to the Named Plaintiffs and the members of the classes.

67. As a direct and proximate result of Defendants' intentional and reckless conduct, as described herein, Named Plaintiffs and the members of the classes have been injured and harmed, and have suffered damages and economic harms, and seek actual, special, and compensatory damages.

**COUNT IV – STRICT LIABILIT FOR CONDUCTING ULTRAHAZARDOUS ACTIVITY**
(Named Plaintiffs and each Class and Sub-Class; Against all Defendants)

68. Named Plaintiffs adopt, incorporate by reference, and restate the foregoing allegations in paragraphs 1 through 52, as if fully set forth herein, and further allege:

69. Upon information and belief, the only two registered bio-weapons laboratories in the PRC are located in the City of Wuhan, and one of them, the National Biosafety Laboratory at the Wuhan Institute of Virology, is the only declared site in China capable of working with deadly viruses, and handles, according to various press accounts, covert military applications of viruses.

70. In February, after the PRC's President Xi Jinping finally began speaking openly about the outbreak and its spread, it was reported by the media that the Chinese Ministry of Science and Technology released a new directive titled: "Instructions on strengthening biosecurity management in microbiology labs that handle advanced viruses like the novel coronavirus." Clearly, Defendants knew or should have known about containment issues within their microbiology labs, such as the ones operating in Wuhan, and that those labs handle viruses such as COVID-19.

CASE NO._____

71. The Wuhan laboratories are in close proximity to the "wild animal" marketplace where COVID-19 is alleged to have originated.

72. Furthermore, it has been reported in the media that some Chinese researchers are in the habit of selling their laboratory animals to street vendors after they have finished experimenting on them, instead of properly disposing of infected animals by cremation, as the law requires.

73. The conduct of Defendants in connection with activities at the National Biosafety Laboratory constitutes an ultrahazardous activity under US and Florida law because:

   a. The conduct necessarily involves a risk of serious harm to the person, land or chattels of others which cannot be eliminated by the exercise of the utmost care;

   b. The activities at the lab are not a matter of common usage; and

   c. the activity is not of substantial value to any community.

74. The harms alleged herein are the result of Defendants' ultrahazardous activity.

75. The harms suffered by the Named Plaintiffs and members of the classes are within the abnormal risk of harm posed by Defendants' ultrahazardous activity.

76. By conducting this ultrahazardous activity, Defendants' acts and omissions demonstrate a conscious disregard or indifference to the rights, welfare, and safety of Named Plaintiffs and the members of the classes.

77. As a direct and proximate result of Defendants' ultrahazardous activity, as described herein, Named Plaintiffs and the members of the classes have been injured

CASE NO._____

and harmed, and have suffered damages and economic harms, and seek actual, special, and compensatory damages.

78. Because Defendants engaged in ultrahazardous activity that caused damages to Named Plaintiffs and the members of the classes, Defendants are strictly liable to them for their damages.

**COUNT V – PUBLIC NUISANCE**
(Named Plaintiffs and each Class and Sub-Class; Against all Defendants)

79. Named Plaintiffs adopt, incorporate by reference, and restate the foregoing allegations in paragraphs 1 through 52, as if fully set forth herein, and further allege:

80. Defendants, and more specifically the PRC, Hubei Province and the City of Wuhan, had a duty to the public at large, including Named Plaintiffs and members of the classes, not to use the property where the Wuhan Institute of Virology is located, and/or create a condition that harms public health.

81. Defendants, and more specifically the PRC, Hubei Province and the City of Wuhan, had a duty to the public at large, including Named Plaintiffs and members of the classes, not to use the city and province as, essentially a giant Petri dish, continuing to conduct extraordinarily large public gatherings, knowing of the dangers of the virus and the ease of transmission.

82. Defendants, and more specifically the PRC, Hubei Province and the City of Wuhan, breached that duty through the conduct described herein, including by allowing COVID-19 to escape into Wuhan and/or flourish in Wuhan and Hubei, and thereby become a pandemic.

CASE NO._____

83. Defendants' conduct has created a nuisance that violated rights, subverted public order in the United States and Florida, is indecent and immoral, and has caused annoyance, inconvenience and damage to the public, including Named Plaintiffs and the members of the classes.

84. Defendants' conduct and created nuisance has resulted in unreasonable injury to Named Plaintiffs and the members of the classes.

85. As a direct and proximate result of Defendants' nuisance, as described herein, Named Plaintiffs and the members of the classes have been injured and harmed, and have suffered damages and economic harms, and seek actual, special, and compensatory damages.

## DEMAND FOR JURY TRIAL

Named Plaintiffs, on their own behalf and on behalf the Classes and Sub-Classes, demand a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, LOGAN ALTERS, MARTA REYES, LAWRENCE WOOD, STEPHEN CLYNE, and THE PITCHING LAB LLC d/b/a TBT TRAINING, individually and as putative Class Representatives, demand judgment against Defendants, and pray for relief as follows:

   a. Certification of the Classes under Federal Rule of Civil Procedure 23 and appointment of Plaintiffs as representatives of the respective Classes and their undersigned counsel as Class counsel;
   b. An order appointing Named Plaintiffs as Class Representatives of the National and Florida Non-Economic Classes;

CASE NO._____

- c. An order appointing Named Plaintiff TBT Training as Class Representative of the National and Florida Commercial Classes;
- d. An order requiring that Defendants pay compensatory and other damages to Plaintiffs and the Class Members, for their economic and non-economic damages identified herein, to the full extent permitted by the law;
- e. An order awarding all damages allowed by any governing statutes;
- f. Statutory pre-judgment and post-judgment interest on any amounts awarded;
- g. Costs and expenses in this litigation, including, but not limited to, expert fees, filing fees, and reasonable attorneys' fees; and
- h. Such other relief as the Court may deem just and proper.

Dated this 12th day of March, 2020.

**THE LAW OFFICES OF**
**BERMAN & BERMAN, P.A.**
P.O. Box 272789
Boca Raton, FL 33427
Telephone: (561) 826-5200
Fax: (561) 826-5201

By: */s Matthew T. Moore*
Matthew T. Moore, Esq.
Fla. Bar No. 70034
Primary: service@thebermanlawgroup.com
Secondary: mmoore@thebermanlawgroup.com

Vincent J. Duffy, Esq.
Fla. Bar No. 82151
Primary: service@thebermanlawgroup.com
Secondary: vduffy@thebermanlawgroup.com