**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
Miami Division

MARTA REYES, LAWRENCE WOOD,
STEPHEN CLYNE,
and THE PITCHING LAB d/b/a
TBT TRAINING
on behalf of themselves, and all those
similarly situated,

Plaintiffs,

v.

PEOPLE'S REPUBLIC OF CHINA;
NATIONAL HEALTH COMMISSION
OF THE PEOPLE'S
REPUBLIC OF CHINA;
MINISTRY OF EMERGENCY MANAGEMENT
OF THE PEOPLE'S REPUBLIC OF CHINA;
MINISTRY OF CIVIL AFFAIRS OF THE
PEOPLE'S REPUBLIC OF CHINA;
THE PEOPLE'S GOVERNMENT OF HUBEI
PROVINCE; and THE PEOPLE'S GOVERNMENT
OF CITY OF WUHAN, CHINA.

Defendants.

CASE NO. 1:20-cv-21108-UU
CLASS ACTION
JURY TRIAL DEMANDED

_____/

**MOTION FOR EXTENSION OF TIME TO COMPLY WITH ORDER REQUIRING**
**SERVICE AND FILING OF JOINT PLANNING AND SCHEDULING REPORT**

Plaintiffs,[1] by and through undersigned counsel and pursuant to Fed.R.Civ.P. 16

and 26(f), and Local Rules 16.1(b)(1), (c), and (d), hereby respectfully move this Court

for an Order extending the time to comply with the Court's Order Setting Initial Planning

and Scheduling Conference, which requires service of Defendants and the filing of a

---

[1] Pursuant to the Court's March 16, 2020 Order, [DE 7], Plaintiff Logan Alters was
dropped as a party, and the case style reflects that event.

Joint Planning and Scheduling Report ("the Order"), [DE 8], until sixty (60) days after Defendants have been served, or August 30, 2020, whichever is sooner.   Plaintiffs assert that good cause for this extension exists, and further state:

1.      The Court issued the Order requiring service of Defendants (and the filing of returns of service) prior to the filing of the Joint Planning and Scheduling Report ("the Report") on March 17, 2020, with a current deadline to file the Report of April 17, 2020. [DE 8].  Plaintiffs may also provide sufficient reason why Defendants have not been served by that date.

***Service of Defendants Requires Hague Convention & State Dep't. Protocols.***

2.      The current Defendants are entities of the Chinese government and agencies within China, who are being sued under exceptions to sovereign immunity pursuant to the Foreign Sovereign Immunities Act of 1976 ("FSIA") and specifically 28 U.S.C. § 1605(a).  Service on such Defendants requires following the protocols of the Hague Convention on Service Process and the U.S. State Department where a foreign nation is involved.   These protocols entail obtaining certified translations of the Complaint into official Chinese; proper accompanying paperwork; certified deliveries here and on a specified receiving office in Beijing, China; and payment of fairly substantial fees.  Under the Hague Convention, it is the responsibility of the office in Beijing to provide returns of service, and they have at least sixty (60) days to reply.

3.      Plaintiffs anticipated initiating this process as soon as the Complaint was filed, however, due to the unfolding nature of this pandemic and its effects, undersigned has obtained voluminous new and material information affecting the identity of proper Defendants, the allegations, and the causes of action, as more fully set forth below.

4.     Moreover, the subsequent declaration of a national emergency the day after the Complaint was filed, the lockdown orders, and general disruption of daily life, have slowed down the process of usually routine activities.   For instance, many government functions and services, both here and abroad, are delayed or slowed due to the pandemic.

***An Amended Complaint Is Required to Ensure Proper Parties and Allegations.***

5.     Apart from the particular issue of foreign service, since filing the Complaint on March 12, 2020, Plaintiffs and undersigned counsel have been provided and discovered new and material information about the origins of the virus; how the outbreak of the virus unfolded in its early days; and which entities in China may have played a part in the allegations of the Complaint.

6.     This information impacts who should be identified as Defendants in the Complaint, and Plaintiffs expect to both drop and add Defendants, but, importantly, expect to add the Chinese Communist Party and other non-governmental private entities as Defendants.

7.     The dropping and adding of Defendants will streamline allegations, as well as expand the breadth of the Court's subject matter jurisdiction, which, Plaintiffs believe, will then stretch beyond the FSIA.

8.     Furthermore, the information impacts the Complaint's causes of actions, and Plaintiffs anticipate dropping one or more causes of action, while adding one or more that are more apposite, given the new information Plaintiffs have received.

9.      Moreover, additional putative classes of persons, directly impacted by COVID-19 infections and its effects, with appropriate new named plaintiffs, have emerged.

10.      The foregoing, taken together, will be made part of a First Amended Complaint, which Plaintiffs plan to file by May 1, 2020, and which undersigned is currently diligently working on.  Plaintiffs are still within their window to  file an amended complaint as a matter of course, pursuant to Fed.R.Civ.P. 15, as the complaint is un-served and no responses have been filed.

11.      In the interest of judicial economy and conservation of judicial labor, and because of the substantial costs of an official translation and foreign service of the Complaint, Plaintiffs are respectfully requesting this extension so that they may translate and institute service of process with the First Amended Complaint.

12.      Upon filing the First Amended Complaint, Plaintiffs will institute service of process pursuant to the required protocols on the China-based Defendants.  Although foreign process takes longer than conventional service of process, Plaintiffs believe that Defendants will respond because of the gravity of the allegations.

13.      Thus, Plaintiffs further posit that a Joint Planning and Scheduling Report at this juncture is premature, as no Defendants are present yet, and its contents would not necessarily fit the requirements of new Defendants or the new allegations of the First Amended Complaint.

14.      Rule 16 gives this Court broad discretion over case management.  *See Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002).  Moreover, Local Rules 16.1(b)(1), (c), and (d) give this Court discretion over the timing of the counsel's

initial conference, Joint Scheduling Report and disclosures.  That discretion should be used consistent with the scope and purpose of the Federal Rules of Civil Procedure, which should be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed.R.Civ.P. 1.

15.    The requested extension will allow Plaintiffs time to file the anticipated First Amended Complaint and still initiate service of the First Amended Complaint within the original 90 days contemplated by Rule 4(m), while further allowing this litigation to commence without any unnecessary labor or potential confusion.

16.    For all of the foregoing reasons, Plaintiffs respectfully request an extension of time to comply with the Order, and to have the Report due either sixty (60) days after the initial service of process, or August 30, 2020, whichever is sooner.  If the Court would find it helpful, Plaintiffs will file a status update every fifteen (15) days to keep the Court abreast of its service efforts.

17.    Plaintiffs make this Motion in good faith and not for the purposes of delay, and posit that neither the Court nor the Parties shall be prejudiced by the grant of the relief requested herein.

WHEREFORE, Plaintiffs respectfully request that the Court grant an extension of time to comply with the Court's Order Setting Initial Planning and Scheduling Conference, [DE 8], until sixty (60) days after Defendants have been served, or August 30, 2020, whichever is sooner, and for such other relief as the Court deems just and proper.

Respectfully Submitted this 15th day of April, 2020.

**THE LAW OFFICES OF**
**BERMAN & BERMAN, P.A.**
P.O. Box 272789
Boca Raton, FL 33427
Telephone: (561) 826-5200
Fax: (561) 826-5201

By: */s Matthew T. Moore*
Matthew T. Moore, Esq.
Fla. Bar No. 70034
Primary: service@thebermanlawgroup.com
Secondary: mmoore@thebermanlawgroup.com

Vincent J. Duffy, Esq.
Fla. Bar No. 82151
Primary: service@thebermanlawgroup.com
Secondary: vduffy@thebermanlawgroup.com