UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-cv-21108-UU

MARTA REYES, *et al.*,

    Plaintiffs,

v.

PEOPLE'S REPUBLIC OF CHINA, *et al.*,

    Defendants.

_____/

**ORDER GRANTING IN PART PLAINTIFFS'
MOTION TO STRIKE AND ORDER TO SHOW CAUSE**

THIS CAUSE comes before the Court upon Plaintiff's Motion to Strike All Submissions of David Andrew Christenson, and for an Order Preventing New Filings (the "Motion"). D.E. 40. The Court has considered the Motion and the pertinent portions of the record and is otherwise fully advised on the premises.

Through the Motion, Plaintiffs seek an order from this Court striking all docket entries filed by David Andrew Christenson pursuant to Fed. R. Civ. P. 12(f) and preventing Mr. Christenson from filing additional documents. Plaintiffs describe Mr. Christenson as a "self-avowed federal docket gadfly that has filed so-called 'amicus briefs' and other irrelevant documents in an effort to intervene on at least 108 occasions." D.E. 40. Plaintiffs identify that Mr. Christenson has been the subject of several anti-filing injunctions, pursuant to which federal courts have barred Mr. Christenson's docket filings. *See* D.E. 40.

In this matter, Mr. Christenson has filed several "amicus briefs," an "Emergency Motion to Dismiss" (D.E. 33), and a "Motion for Permission to Save Your Life" (D.E. 41). Plaintiffs assert that Mr. Christenson's filings, which consist of "immaterial, profane, and promotional

statements," are entirely unrelated to this case, such that the Court "should not entertain such submissions." D.E. 40.  The Court agrees.

Rule 12(f) empowers the Court to strike a submission to the Court that contains "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  The Court finds that Mr. Christenson's filings, to include his "Emergency Motion to Dismiss," meet this standard and must be stricken.  Moreover, Mr. Christenson is not a party to this lawsuit, nor has he established any basis to intervene in this case as of right of permissively.  But before the Court will enter an order restricting Mr. Christenson's filing privileges, the Court will allow Mr. Christenson an opportunity to show good cause in writing as to why he should not be barred from filing additional documents in this case.  Accordingly, it is hereby

ORDERED AND ADJUDGED that the Motion (D.E. 40) is GRANTED IN PART.  Mr. Christenson's filings (D.E. 18, 19, 20, 21, 31, 33, 34, 35, 36, 37, 38, 41, 44, 45, 46, 47, 48, 49) are hereby STRICKEN.  It is further

ORDERED AND ADJUDGED that Mr. Christenson SHALL show good cause in writing by **Friday, June 19, 2020** as to why he should not be barred from filing additional documents in this case.  **In the event Mr. Christenson fails to abide by this order, he may be subject to an anti-filing injunction without further notice**.

DONE AND ORDERED in Chambers, Miami, Florida, this _17th_ day of June, 2020.

*[signature: Ursula Ungaro]*

_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

Copies furnished:
All counsel of record
David Andrew Christenson