FILED BY_____D.C.

AUG - 4 2020

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | | |
|---|---|---|
| *MARTA REYES, ET AL.*, | ) Docket Number: | 20-cv-21108-UU |
| Plaintiffs, | ) | |
| | ) District Judge: | The Honorable Ursula Ungaro |
| v. | ) | |
| | ) Magistrate Judge: | The Honorable John O'Sullivan |
| *THE PEOPLE'S REPUBLIC* | ) | |
| *OF CHINA, ET AL.*, | ) | |
| Defendants. | ) | |

## PUTATIVE CLASS MEMBER'S MOTION TO FILE *AMICUS CURIAE* BRIEF

### Introduction.

Putative Class Counsel seeks to represent a class consisting of "[a]ll persons ... in the United States who have suffered personal injury, including emotional distress, ... related to the outbreak of the COVID-19 virus[1]" and "[a]ll persons ... in the United States who have suffered economic losses due to the outbreak of the COVID-19 virus[2]." In other words, Putative Class Counsel seeks to represent all persons in the United States. Thus, the putative class would include the author of this brief, and this author respectfully moves this Honorable Court for leave to file his brief as *Amicus Curiae* opposing the Court's certification of the class. *Amicus Curiae*, in support of his motion for leave to file, states as follows:

### *Amicus Curiae* Participation (Generally).

As Class Counsel correctly notes, the decision on "[w]hether to allow *amicus curiae* participation is left to the discretion of the district court[3]." Nevertheless, "[t]he general view is [that a]n *amicus* brief should normally be allowed when a party is not represented competently or is not represented at all[4]." This is so because, "[h]istorically, the role of the *amicus* was [ ] to

---

1  E.C.F. Doc. Entry 11 (First Amended Class Action Complaint), p. 39, ¶ 160a.
2  Id., p. 39, ¶ 160b.
3  ECF 40, p. 4 (citation omitted).
4  Id., p. 5.

draw the court's attention to law that may otherwise not be considered by the court[5]."

## *Amicus Curiae* Participation (In the Case at Bar).

Class Counsel, in opposing *amicus* participation, notes that "[t]he Plaintiffs are competently represented in this case[6]." However, Class Counsel ignores that the defendants are not represented at all in this case and will probably never be represented before this Court. Class Counsel's complaint alleges, *inter alia*, that a Chinese government scientist intentionally created the Coronavirus in a Chinese government laboratory and that the Chinese government negligently and accidentally allowed the virus to escape into the Chinese public[7]. The complaint further alleges that "the Chinese Government Defendants delayed reporting COVID-19 to the WHO for weeks after the outbreak was identified[8]" and "allowed asymptomatic carriers of COVID-19 to leave Wuhan … and spread the virus[9]." However, the Chinese Government

---

5  Id., pp. 4 – 5 (citations omitted).
6  Id., p. 7 (Class Counsel noting that "[t]he Plaintiffs are competently represented"). In fact, the Plaintiffs may actually be unfairly represented. Florida Bar Regulation Rule 3-6.1(d) provides that Florida law firms "may employ suspended lawyers and former lawyers who have been disbarred," but disbarred lawyers "must not have contact (including engaging in communication in any manner) with any client." However, Class Counsel is employing a disbarred lawyer to promote this lawsuit in media outlets throughout the United States. *Fla. Bar v. Alters*, 260 So.3d 72, 86 (Fla. 2018) ("Jeremy W. Alters is hereby disbarred"); Class Counsel Website (listing Jeremy W. Alters as the "Chief Firm Strategist" and noting that "he was admitted to the Florida Bar in 1997," that he has "achieved verdicts totaling over $5.5 billion dollars," and that he has "successfully litigated hundreds of cases to massive settlements"), available at https://www.bermanlawgroup.com/meet-our-team/executive-staff/jeremy-alters (last visited July 27, 2020); Curt Anderson, *US Virus Patients and Businesses Sue China Over Outbreak*, Minneapolis Star Tribune (May 10, 2020) ("attorneys Matthew Moore and Jeremy Alters are suing the Chinese Communist Party"), available at https://www.startribune.com/us-virus-patients-and-businesses-sue-china-over-outbreak/570351541; Katy Stech Ferek, *Lawsuits Target China for Coronavirus Damage*, Wall Street Journal (April 22, 2020) ("Jeremy Alters, Berman Law Group's chief strategist, said he plans to expand the lawsuit"), available at https://www.wsj.com/articles/lawsuits-target-china-for-coronavirus-damage-11587585212; Eric Mack, *Berman Law Group to Newsmax TV: Join Us in Suing China*, Newsmax (March 31, 2020) (" 'We are gathering clients as we speak,' Jeremy Alters, the firm's spokesman, told Tuesday's 'Greg Kelly Reports.' "), available at https://www.newsmax.com/us/lawsuit-pandemic-wuhan-bioweapons/2020/03/31/id/960833/.
7  ECF 11 (First Amended Class Action Complaint), p. 14, ¶ 63 ("The Roots of COVID-19 – [Wuhan Institute of Virology] Labs") – p. 19, ¶ 75.
8  ECF 11 p. 31, ¶ 61. (Class Counsel misnumbered this paragraphs as paragraph "61" even though this paragraph appears after paragraph "118" and immediately before paragraph "119.")
9  ECF 11 p. 13, ¶ 57.

Defendants, as entities of a foreign sovereign state, are completely "immune from the jurisdiction of the courts of the United States," except in limited circumstances that do not exist in this case. 28 U.S.C. § 1604 (the "Foreign Sovereign Immunities Act").

Section 1608(e) of the Foreign Sovereign Immunities Act prohibits a district court from entering judgment against a foreign sovereign on account of the foreign sovereign's failure to appear, and, consequently, foreign sovereigns often refuse to appear before district courts[10]. Experts on the the Foreign Sovereign Immunities Act have commented that, in particular, "China tends to refuse to cooperate with or even acknowledge suits in U.S. courts and is likely to be even more recalcitrant than usual" with respect to any lawsuits challenging China's response to the Coronavirus[11]. In fact, the Chinese government has already publicly stated that its "response to the virus is not under the jurisdiction of U.S. courts so [such a] lawsuit [i]s irrelevant[12]."

Thus far, the Chinese Government Defendants have not appeared before the Court and are not represented at all before this Court, and the Chinese Government Defendants will probably never be represented. Moreover, *amicus* has never had any relationship whatsoever with the Chinese government or with China, except that *amicus* participated in a study abroad to Shanghai when *amicus* was a student at New York University. Hence, this Court should grant

---

10 Scott Simon, *How Do You Go About Suing A Country?*, National Public Radio (October 8, 2016), (quoting University of Texas School of Law Professor Stephen Vladeck noting that "[s]ome [countries] just never show up" to court), available at https://www.npr.org/2016/10/08/497164736/how-do-you-go-about-suing-a-country.
11 Dan McLaughlin, *Missouri's Misguided Lawsuit Against China*, National Review (April 23, 2020), available at https://www.nationalreview.com/2020/04/missouris-misguided-lawsuit-against-china.
12 David Brennan, *China Says Missouri Coronavirus Lawsuit Is "Nothing Short of Absurdity"*, Newsweek (April 22, 2020 ), available at https://www.newsweek.com/china-missouri-coronavirus-lawsuit-nothing-short-absurdity-1499481.

leave for *amicus* to file his brief opposing the Court's certification of the class based on Federal Rule of Civil Procedure 23(b)(3) (Exhibit 1).

>Respectfully submitted,
>Class Member & *Amicus Curiae* Paúl Camarena
>*/s/ Paúl Camarena*
>Paúl Camarena, Esq.
>Admitted to practice law in New York and before the U.S. Dist. Ct. N.Dist.Ill.
>500 So. Clinton, No. 132
>Chicago, IL 60607
>paulcamarena@paulcamarena.com
>(312) 493-7494

# Exhibit 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

| | |
|---|---|
| *MARTA REYES, ET AL.*, <br> Plaintiffs, <br><br> v. <br><br> *THE PEOPLE'S REPUBLIC* <br> *OF CHINA, ET AL.*, <br> Defendants. | ) Docket Number:   20-cv-21108-UU <br> ) <br> ) District Judge:   The Honorable Ursula Ungaro <br> ) <br> ) Magistrate Judge:   The Honorable John O'Sullivan <br> ) <br> ) <br> ) <br> ) |

***AMICUS CURIAE*'S BRIEF OPPOSING
THE COURT'S CERTIFICATION OF A CLASS BASED ON
FEDERAL RULE OF CIVIL PROCEDURE 23(b)(3)**

In the case at bar, 32 Plaintiffs allege that the Chinese government created the Coronavirus and accidentally allowed that virus to escape into the world[1]. The Plaintiffs then assert that, pursuant to Fed.R.Civ.Pro. 23(b)(3), this Honorable Court should certify a class consisting of essentially everyone in the United States[2]. However, Rule 23(b)(3), the Advisory Committee Notes, and binding precedent all establish that a court cannot appropriately certify such a massively diverse class.

Rule 23(b)(3) states that a party may maintain a class action if "questions of law or fact common to class members predominate over any questions affecting only individual members." The Rule Advisory Committee Notes also state that a "mass accident resulting in injuries to numerous persons is ordinarily *not appropriate for a class action* because of the likelihood that significant questions, not only of damages but of liability and defenses of liability, would be present, affecting the individuals in different ways." (Internal quotations omitted and emphasis

---

1   ECF 11 (First Amended Class Action Complaint), p. 14, ¶ 63 ("The Roots of COVID-19 – [Wuhan Institute of Virology] Labs") – p. 19, ¶ 75.
2   Id., p. 39, ¶ 160a ("classes are described as … [a]ll persons … in the United States who have suffered economic losses due to the outbreak of the COVID-19 virus"); Id., p. 46, ¶ 169 ("Plaintiffs' legal claims are properly certified pursuant to Rule 23(b)(3)").

added.)

In *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 597, 602 – 605 (1997), the district court certified a class consisting of "hundreds of thousands, perhaps millions, of individuals" who had been exposed, or whose family had been exposed, to asbestos products. However, the Circuit Court reversed that certification and the Supreme Court affirmed that reversal. *Id.*, at 611 – 612. The Supreme Court explained that "[t]hat certification cannot be upheld[ ] for it rests on a conception of Rule 23(b)(3)'s predominance requirement irreconcilable with the Rule's design" because "class members in th[at] case were exposed [ ] in different ways, over different periods, and for different amounts of time; some suffered no physical injury, others suffered disabling or deadly diseases." *Id.*, at 609 & 625. The Supreme Court also agreed with the Circuit Court's assessment that "[d]ifferences in state law ... compound these disparities." *Id.*, at 624.

Similarly, in *Rink v. Cheminova, Inc.*, 203 F.R.D. 648, 656 (M.D. Fla. 2001), Plaintiffs' counsel urged the district court to certify classes consisting of persons who had been exposed to insecticide and persons who had reported insecticide related poisoning. However, the district court cited *Amchem Prods., Inc. v. Windsor* and noted that "putative class members may claim a broad range of highly diverse reactions, and the nature and extent of the harm suffered depends in part upon the various individual circumstances of the person exposed, including their current health and past medical history." *Rink*, at 667. "All of this says nothing of the defenses of comparative fault, pre-existing conditions, and failure to mitigate on the part of the Plaintiffs." *Id.* Thus, "[i]n light of the highly individualized factual and legal questions implicated by Plaintiffs' claims, the court f[ound] that Plaintiffs ha[d] failed to satisfy the predominance requirement of Rule 23(b)(3)." *Id.*

Just like the putative class members in *Amchem Prods., Inc.*, at 609, the putative "class members in this case were exposed [to the Coronavirus] in different ways, over different periods, and for different amounts of time; some suffered no physical injury, others suffered disabling or deadly diseases." While many class members experience only "the sniffles" from being exposed to the Coronavirus[3], other class members actually die from COVID-19[4]. Also, just like the putative class members in *Rink*, at 667, the putative class members in the instant case have wildly diverse issues with respect to "comparative fault, pre-existing conditions, and failure to mitigate" COVID-19 damages. While some putative class members experienced COVID-19 complications despite taking reasonable precautions, other putative class members were contributorily negligent by intentionally exposing themselves at "Coronavirus parties[5]." Still other class members' damages are legally attributable, not to COVID-19, but to a later intervening act: their consumption of disinfectant[6]. Hence, "[i]n light of the highly individualized factual and legal questions implicated by Plaintiffs' claims, the court [should]

---

3  Grace Panetta, *Trump Says Many of the US Coronavirus Cases Are Just People Who "have the sniffles"*, Business Insider (July 19, 2020), available at https://www.businessinsider.com/trump-says-coronavirus-patients-have-sniffles-many-cases-shouldnt-be-cases-2020-7.
4  Max Cohen, *White House Defiant as Covid-19 Deaths Approach 130,000*, Politico (July 6, 2020), available at https://www.politico.com/states/new-york/city-hall/story/2020/07/06/white-house-defiant-as-covid-19-deaths-approach-130-000-1297419.
5  Mica Soellner, *Alabama Students Hosting Coronavirus Parties With Prize Money for First to Get Infected*, Washington Examiner (July 2, 2020), available at https://www.washingtonexaminer.com/news/alabama-students-hosting-coronavirus-parties-with-prize-money-for-first-to-get-infected.
6  Kayla Epstein, *Kansas Man Consumed Cleaning Products Last Weekend After Trump Mused That Injecting Disinfectants Might Help Fight the Coronavirus*, Business Insider (April 28, 2020), available at https://www.businessinsider.com/kansas-man-consumes-cleaner-trump-disinfectants-cure-coronavirus-2020-4.

find[ ] that Plaintiffs have failed to satisfy the predominance requirement of Rule 23(b)(3)," and the court should refuse to certify a class based on Rule 23(b)(3). *Rink*, at 667.

    Respectfully submitted,
    Class Member & *Amicus Curiae* Paúl Camarena
    */s/ Paúl Camarena*
    Paúl Camarena, Esq.
    Admitted to practice law in New York and before the U.S. Dist. Ct. N.Dist.Ill.
    500 So. Clinton, No. 132
    Chicago, IL 60607
    paulcamarena@paulcamarena.com
    (312) 493-7494

Case 1:20-cv-21108-UU Document 82 Entered on FLSD Docket 08/04/2020 Page 10 of 10

Paul Camarada
500 So. Clinton, No. 132
Chicago, IL 60607

3312831801 0075

**PAPER FILINGS**
Office of the Clerk
U.S. Courthouse
400 North Miami Avenue
Miami, FL 33128